Judge Charles R. Norgle, Sr
Magistrate Judge Sunil R Harjani
RANDOM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
ILLINOIS EASTERN DIVISION

Terence Hawkins, )
PLAINTIFF, )
)
v. )
)
City of Harvey )
Police Department )
Defendant

**FILED**

SEP 08 2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## CIVIL COMPLAINT

Plaintiff, Terence Hawkins, as a Pro Se Litigant, states the following Complaint against Defendant City of Harvey Police Department ("HPD").

## NATURE OF ACTION

1. Plaintiff also brings this lawsuit pursuant to the Americans with Disabilities Act of 1990.

2. Plaintiff was not given an accommodation in the workplace for his medical condition consistent with the American with Disabilities Act ("ADA"), 29 U.S.C. 621. Plaintiff under the ADA should have been afforded an accommodation. Defendant never provided Plaintiff with the opportunity to explore available accommodations under the ADA, but instead proceeded directly to termination.

## JURISDICTION

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. Section 1331 (Federal question).

4. Venue in this Court is appropriate pursuant to 28 U.S.C. Section 1391, because the employment practices involved in this dispute occurred in the Northern District of Illinois.

## THE PARTIES

5. Plaintiff, Terence Hawkins is a 60-year-old male. His date of birth is 07 July, 1961. Plaintiff has resided within the State of Illinois most of his life. Plaintiff has over twelve years of experience as a police officer on behalf of the City of Harvey Police Department. During that time Plaintiff became part of a group of dedicated Civil Servants, who swore an oath to serve and protect the City of Harvey.

6. Defendant, Harvey Police Department is a governmental agency that is located within the boundaries of the State of Illinois. Does business in Illinois. Provides public safety for the City of Harvey.

## FACTS

7. Plaintiff began working for the HPD on January 8,2008, by undergoing training at the Chicago Police Academy. After training Plaintiff served as a patrolman in the City of Harvey until on or about April 14,2013. At which time Plaintiff was promoted to the rank of Sergeant.

8. Plaintiff received numerous accolades and was one in only a handful of officers to have ever receive two merit awards from the Defendant, as he answered an untold number of "calls for service". Plaintiff conducted traffic stops, initiated and assisted in countless misdemeanor and felony arrests.

9. On 17 March,2018, a period that the Defendant was experiencing a series of internal crisis, Plaintiff experienced an injury on duty, left knee. See Exhibit

10. Plaintiff followed HPD protocol formed Supervisor Sergeant Lavandus Kirkwood of his injury. Sergeant Kirkwood responded by following Harvey Police Department polices. Began an injury investigation. Documented the injury, issued reports to both parties. See Exhibit

11. Plaintiff was 56 years old at the time.

12. Plaintiff was denied his medical benefits by Defendant (July 2018) during a phone call with the Defendant (Internal Affairs Sergeant). At which time Plaintiff was denied the opportunity to earn wages and benefits due to him, while recuperating from his work-related injury per the Collective Bargaining Agreement (CBA). See Exhibit

13. Plaintiff hires legal representative. See Exhibit

14. On or about 25 May,2019 Plaintiff was advised by Defendant that his payroll check was being held at the Chiefs office. Defendant asked Plaintiff of his Workman's Comp (W/C) status. Plaintiff advised that the matter was being litigated because of Defendant's refusal to grant W/C.

15. Plaintiff attempted on several occasions to return to work each time encountering obstructions set up by the Defendant.

16. Plaintiff was told by Erica Kimble (Director of Human Resources) that Plaintiff was terminated during a visit by Plaintiff to Harvey City Hall on 21 February,2020.

17. Plaintiff never received any documentation that is mandatorily issued upon a person being relieved of their duties from the HPD. See Exhibit 2

18. Plaintiff has never been given an exit interview in order to surrender his HPD credentials, ID and keys which were given to him by the HPD.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF AMERICANS WITH DISABILITY ACT AND THE AMERICANS WITH DISABILITY AMENDMENT ACT

19. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-19.

20. The ADEA, 29 U.S.C. 623 prohibits discrimination based on age.

21. The Defendant's conduct as alleged above constitutes discrimination in violation of ADEA. The reasons expressed by the Defendant in defense of their wrongful conduct were not their true reasons, but instead, were a pretext to hide the Defendant's discriminatory animus.

22. Plaintiff dissatisfied with the City of Harvey Police Department's actions sought relief by filing a complaint with the Office of Equal Employment Opportunity Commission (EEOC).

23. Plaintiff underwent an EEOC mediation and an investigation resulting in Plaintiff being issued a Right to Sue Letter by the EEOC. (See attached, notice of Right to Sue).

24. Plaintiff timely filed this action in this Federal Court.

### COUNT II

### VIOLATION OF AMERICANS WITH DISABILITY ACT AND THE AMERICANS WITH DISABILITY AMENDMENT ACT

25. Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1-44.

26. Plaintiff's meniscus injury, which involved damage to the left knee including fluid and swelling. Plaintiff was advised by his primary care doctor to meet with an orthopedic specialist for an examination.

27. Defendant was properly informed of Plaintiff's condition, Plaintiff informed Patrol Commander of the HPD of his condition.

28. The Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act (42 U.S.C. 1201 et seq.) makes it illegal for employers, including "private employers", to discriminate against qualified individuals with **disabilities** in job application procedures, hiring, **firing**, advancement, compensation, job training **and other terms conditions and privileges of employment**. (Emphasis added)

29. The ADA Amendments Act emphasizes that the definition of disability "should be interpreted broadly." The Act also expands the definition of "major life activities" to include major bodily functions, such as functions of the respiratory, neurological, brain, and **circulatory** functions. (Emphasis added).

30. Plaintiff falls into the protected class as he experienced an on-the-job injury involving his left knee which the Defendant refused to treat. Thereby causing additional injuries to the Plaintiff's right knee, right hip and right eye.

31. Plaintiff sought and eventually received medical treatment for his condition. Plaintiff advised Defendant of this, including his scheduled appointment with a specialist.

32. Discriminating based on physical or mental disability as it pertains to employment related activities such as firing, hiring, job assignment, promotion, pay and leave are all covered by the protections of the acts. Harassing an employee based on his or her disability is also covered by the act.

33. Disability discrimination can occur in many ways. It can be direct, and obvious, or indirect, and not so obvious.

34. Plaintiff was subjected to an action prohibited under this Act because of an actual and/or perceived physical impairment.

35. Specifically, Plaintiff was harassed and told by the HPD Internal Affairs Department that Plaintiff could not use Workman's Compensation. At which time Defended forced Plaintiff to use his own benefit time (July 2018). Per the department policy and union contract Plaintiff should have been allowed to use workman's compensation as his injury was sustained while on duty. Plaintiff had to pursue legal actions against Harvey Police Department to receive medical attention.
See Exhibit

36. Plaintiff contends that despite his real or perceived disability, he was qualified to perform the essential functions or duties of a job, with or without reasonable accommodation, triggering the protections from job discrimination afforded by the ADA.

37. An employer generally does not have to provide a reasonable accommodation unless an individual with a disability has asked for one. A request can be a statement in plain English; The request does not have to include the terms "ADA" or "reasonable accommodation." Also, the request does not have to be in writing.

38. Plaintiff requested that Defendant provide a reasonable accommodation for his injury, which was never granted. HPD Internal Affairs advised, no accommodations would be offered (August 2019).

39. Defendant subjected Plaintiff to retaliatory discrimination in the workplace. Defendant sought to retaliate against Plaintiff for engaging in protected activity.

40. Plaintiff and Defendant agreed to a Workman Comp Settlement agreement that the Defendant breeched immediately. See Exhibit

41. Plaintiff communicated with Human Resource Director Erica Kimble via email who continued harassing Plaintiff by suggesting Plaintiff was under investigation. See Exhibit

42. Defendant would not allow Plaintiff to return to work after passing a medical exam ordered by the Defendant. The appointment was scheduled for October 14,2019.
The Defendant was aware of the outcome. Howeve, had previously executed termination without plaintiff knowledge. The Defendant was aware of the outcome and notwithstanding, proceeded to termination without plaintiff knowledge. Thus, violating rules and regulations of the Collective Bargaining Agreement. See Exhibit

44. Due to the hostile work environment, Plaintiff suffered from depression which impaired Plaintiffs' ability to work, further causing other mental health issues.

    In dispensing its retaliatory discipline, Plaintiff was wrongfully terminated without just cause. Plaintiff only learned of his status when was handing out free dinners around the city, going into Harvey City Hall to do the same.

1. The Defendant failed to adhere to its own Policy and Procedures regarding termination procedures. Plaintiff was returning to work from his work-related injury. Plaintiff was a Harvey Civil Service employee, also a Union member at the time of his termination. See Exhibit

### JURY DEMAND

2. Plaintiff demands a jury for all claims that can be tried by a jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against Defendants as follows:

5

1. A declaration that his rights under the ADEA and FMLA were violated.
2. Any actual monetary losses sustained by the Plaintiff as a direct result of the violations.
3. The interest on the amount described in the items listed above.
4. Restoration and make whole relief for the loss of any employment benefits or other compensation denied or lost by the Plaintiff.
5. An Order prohibiting the Defendant from any further prohibited discrimination against him.
6. Liquidated damages.
7. An award of reasonable attorney's consultation fees.
8. Cost incurred in filing and prosecuting this action; and
9. Additional relief as this Court deems appropriate and just for the unnecessary mental stress Imposed on the Plaintiff by the Defendant.

Respectfully submitted,

Terence Hawkins
Pro Se Litigant
11754 South Sangamon
Chicago, Illinois 60643
773-703-3262

EEOC Form 161 (11/2020)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Terence Hawkins**<br>**2208 Anne Lane**<br>**Crete, IL 60417** | From: **Chicago District Office**<br>**230 S. Dearborn**<br>**Suite 1866**<br>**Chicago, IL 60604** |

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2020-04354 | **Alison Fisher,** Investigator | (312) 872-9654 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/np*           6/15/2021

Enclosures(s)     **Julianne Bowman, District Director**     *(Date Issued)*

cc:    **CITY OF HARVEY POLICE DEPARTMENT**
       **c/o Mary Jean Dolan**
       **140 S. Dearborn St.**
       **Chicago, IL 60603**