IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERENCE HAWKINS, | |
| Plaintiff, | Court No. 1:21-cv-04777 |
| v. | Judge Charles R. Norgle |
| CITY OF HARVEY, | JURY DEMAND |
| Defendant. | |

**DEFENDANT CITY OF HARVEY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, CITY OF HARVEY (the "City"), by and through its attorneys, Ancel Glink, P.C., and for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, hereby states as follows:

**NATURE OF ACTION**

1. Plaintiff also brings this lawsuit pursuant to the American with Disabilities Act of 1990.

**ANSWER:** The City admits the allegations contained in Paragraph 1.

2. Plaintiff was not given an accommodation in the workplace for his medical condition consistent with the American with Disabilities Act ("ADA"), 29 U.S.C. 621. Plaintiff under the ADA should have been afforded an accommodation. Defendant never provided Plaintiff with the opportunity to explore available accommodations under the ADA, but instead proceeded directly to termination.

**ANSWER: The City admits that Plaintiff was not given an accommodation but denies the remaining allegations contained in Paragraph 2.**

1

3. Plaintiff was treated unfairly regarding his Age and the Age Discrimination Disciplinary Procedures.

**ANSWER: The City denies the allegations contained in Paragraph 3 and lacks knowledge sufficient to form a belief as to the allegations regarding what Plaintiff calls the "Age Discrimination Disciplinary Procedures."**

## JURISDICTION

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. Section 1331 (Federal question).

**ANSWER: The City admits the allegations contained in Paragraph 4.**

5. Venue in this Court is appropriate Pursuant to 28 U.S.C. Section 1391, because the employment practices involved in this dispute occurred in the Northern District of Illinois.

**ANSWER: The City admits the allegations contained in Paragraph 5.**

## THE PARTIES

6. Plaintiff, Terence Hawkins is a 60-year old male, his date of birth is July 7, 1961. Plaintiff has resided within the State of Illinois most of his life. Plaintiff has over twelve years' experience as a police officer on behalf of the City of Harvey Police Department. During that time Plaintiff became part of a group of dedicated Civil Servants, who swore an oath to serve and protect the City of Harvey.

**ANSWER: The City admits that Plaintiff is a 60-year old male and his date of birth is July 7, 1961 and lacks knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 6.**

7. Defendant is located within the boundaries of the State of Illinois, does business in Illinois, and employs over 150 individuals for various positions throughout the City of Harvey.

**ANSWER: The City admits the allegations contained in Paragraph 7.**

## FACTS

8. Plaintiff began working for the Harvey Police Department (HPD) on January 8, 2008, by undergoing training at the Chicago Police Academy. After training, Plaintiff served as a patrolman in the City of Harvey until on or about April 14, 2013, at which time Plaintiff was promoted to the rank of Sergeant.

**ANSWER: The City admits that Plaintiff started training at the Chicago Police Academy on January 8, 2008 and served as a patrolman in the City of Harvey after training; the City denies the remaining allegations of Paragraph 8. Further stating, the City states that Plaintiff was promoted to the rank of Sergeant on May 1, 2013.**

9. Plaintiff received numerous accolades and was one in only a handful of officers to have ever receive two merit awards from the Defendant, as he answered an untold number of "calls for service". Plaintiff conducted traffic stops, initiated, and assisted in countless misdemeanor and felony arrests.

**ANSWER: Defendant admits that Plaintiff received two merit awards and conducted traffic stops and misdemeanor and felony arrests; Defendant lacks knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 9.**

10. On March 17, 2018, a period that the Defendant was experiencing a series of internal crisis, Plaintiff experienced an injury on duty: left knee. See Exhibit

**ANSWER: The City admits that Plaintiff claims he injured his left knee while on duty on March 17, 2018, but lacks knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 10. The City notes that there is no relevant Exhibit attached to the Complaint.**

11. Plaintiff followed HPD protocol and informed Supervisor Sergeant Lavandus Kirkwood of his injury. Sergeant Kirkwood responded by following HPD policies and began an injury investigation, documented the injury, and issued the report to the Defendant. See Exhibit

**ANSWER: The City admits the allegations contained in Paragraph 11. The City notes that there is no relevant Exhibit attached to the Complaint.**

12. Plaintiff was 56 years old at the time.

**ANSWER: The City admits the allegations contained in Paragraph 12.**

13. Plaintiff was denied his medical benefits by the Defendant (July 2018) during a phone call with the Defendant (Internal Affairs). At which time Plaintiff was denied the opportunity to earn wages and benefits due to him, while recuperating from his work-related injury per the Collective Bargaining Agreement (CBA). See Exhibit

**ANSWER: The City denies the allegations contained in Paragraph 13. The City notes that there is no relevant Exhibit attached to the Complaint.**

14. Plaintiff hires legal representatives. See Exhibit

**ANSWER: The City lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 14. The City notes that there is no relevant Exhibit attached to the Complaint.**

15. On or about May 25, 2019, Plaintiff was advised by the Defendant that his payroll check was being held at the Chief's office. Defendant asked Plaintiff of his Workman's Comp (W/C) status. Plaintiff was advised that the matter was being litigated because of Defendant's refusal to grant W/C.

**ANSWER: The City lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 15.**

16. Plaintiff attempted on several occasions to return to work each time encountering obstructions set up by the Defendants.

**ANSWER: The City denies the allegations contained in Paragraph 16.**

17. Plaintiff was told by Erica Kimble (Director of Human Resources) that Plaintiff was terminated during a visit by Plaintiff to Harvey City Hall on February 21, 2020.

**ANSWER: The City lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 17.**

18. Plaintiff, prior to meeting Mrs. Kimble, Plaintiff had met with the City Manager (Timothy Williams) on February 21, 2020, who greeted the Plaintiff by saying "you're one of our officers, right? So what's going on".

**ANSWER: The City denies the allegations contained in Paragraph 18.**

19. After explaining the entire set of events to Mr. Williams, beginning with Plaintiff's injuries, Mr. Williams stated, let me go get Mrs. Kimble so we can see what's going on.

**ANSWER: The City denies the allegations contained in Paragraph 19.**

20. Mrs. Kimble entered the room, with folder in her hand which she never opened, looked at Plaintiff and asked, what can I do for you? At which time I replied, "I'm her (sic) about my job". Mrs. Kimble then said, "we fired you a long time ago".

**ANSWER: The City lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 20.**

21. Plaintiff asked, "on what grounds"? Mrs. Kimble stated: "you failed the physical"! Plaintiff replied: "no I didn't. Mrs. Kimble asked, "do you have proof"? Plaintiff replied, "I figured you'll pull some shit like this, so I asked them for a copy"!

**ANSWER: The City lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 21.**

22. Looking surprised Mr. Kimble stated, "you fired yo' self a long time ago". Plaintiff asked "so why didn't you all send me something in writing, there's a process to firing me. Why did you have me take the test, why were you meeting with"?

**ANSWER: The City lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 22.**

23. Mrs. Kimble, looking surprised, said "our attorney told us to get rid of you"!

**ANSWER: The City denies the allegations contained in Paragraph 23.**

24. Plaintiff never received any documentation that is mandatorily issued upon a person being relieved of their duties from the HPD. See Exhibit 2

**ANSWER: The City lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 24.**

25. Plaintiff has never been given an exit interview to surrender his HPD credentials, ID and keys which were given to him by HPD.

**ANSWER: The City admits the allegations contained in Paragraph 25.**

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF AMERICAN WITH DISABILITY ACT AND THE AMERICANS WITH DISABILITY AMENDMENT ACT

26. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-25.

**ANSWER: Plaintiff incorporates paragraphs 1 through 25 of this Answer as though fully set forth and restated herein.**

27. The ADEA, 29 U.S.C 623 prohibits discrimination based on age.

**ANSWER: The City admits the allegations contained in Paragraph 27.**

28. The Defendant's conduct as alleged above constitutes discrimination in violation of ADEA. The reasons expressed by the Defendant in defense of their wrongful conduct were not their true reasons, but instead, were a pretext to hide the Defendant's discriminatory animus.

**ANSWER: The City denies the allegations contained in Paragraph 28.**

29. Plaintiff is dissatisfied with the Defendant's actions sought relief by filing a complaint with the Office of Equal Employment Opportunity Commission (EEOC).

**ANSWER: The City admits the allegations contained in Paragraph 29.**

30. Plaintiff underwent an EEOC mediation and an investigation resulting in plaintiff being issued a Right to Sue Letter by the EEOC. (See attached, notice of Right to Sue)

**ANSWER: The City admits the allegations contained in Paragraph 30.**

31. Plaintiff timely filed this action in Federal Court.

**ANSWER: The City admits the allegations contained in Paragraph 31.**

## COUNT II
## VIOLATION OF AMERICANS WITH DISABILITY ACT AND THE AMERICANS WITH DISABILITY AMENDMENT ACT

32. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-31.

**ANSWER: Plaintiff incorporates paragraphs 1 through 31 of this Answer as though fully set forth and restated herein.**

33. Plaintiff's meniscus injury, which involved damage to the left knee including fluid and swelling. Plaintiff was advised by his primary care doctor to meet with an orthopedic specialist for an examination.

**ANSWER: The City lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 33.**

34. Defendant was properly informed of Plaintiff's condition, Plaintiff informed Patrol Commander of the HPD of his condition.

**ANSWER: The City lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 34.**

35. The Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act (42 U.S.C. 1201 et seq.) makes it illegal for employers, including "Private employers", to discriminate against qualified individuals with disabilities in job application procedures, hiring, firing advancement, compensation, job training and other terms conditions and privileges of employment. (Emphasis added)

**ANSWER: The City admits the allegations contained in Paragraph 35.**

36. The AA Amendments Act emphasizes that the definition of disability "should be interpreted broadly". The Act also expands the definition of "major life activities" to include major bodily functions, such as functions, such as functions of the respiratory, neurological, brain, and circulatory functions. (Emphasis added)

**ANSWER: The City admits the allegations contained in Paragraph 36.**

37. Plaintiff falls into the protected class as he experienced an on-the-job injury involving his left knee which the Defendant refused to treat. Thereby causing additional injuries to the Plaintiff's right knee, right hip, and right eye.

**ANSWER: The City denies the allegations contained in Paragraph 37.**

38. Plaintiff sought and eventually received medical treatment for condition. Plaintiff advised Defendant of this, including his scheduled appointment with a specialist.

**ANSWER: The City lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 38.**

39. Discriminating based on physical or mental disability as it pertains to employment related activities such as firing, hiring, job assignment, promotion, pay, and leave are all covered by the protections of the acts. Harassing an employee based on his or her disability is also covered by the act.

**ANSWER: The City admits that the ADA statutes protect against discrimination and harassment based on disability but denies the allegations contained in Paragraph 39 to the extent that they do not accurately reflect the law.**

40. Disability discrimination can occur in many ways: it can be direct, and obvious, or indirect, and not so obvious.

**ANSWER: The City admits the allegations contained in Paragraph 40.**

41. Plaintiff was subjected to an action prohibited under this Act because of an actual and/or perceived physical impairment.

**ANSWER: The City denies the allegations contained in Paragraph 41.**

42. Specifically, Plaintiff was harassed and told by the HPD Internal Affairs Department that Plaintiff could not use Workman's Compensation. At which time the Defendant forced Plaintiff to use his own benefit time (July 2018). Per the department policy and the Collective Bargaining Agreement.

**ANSWER: The City denies the allegations contained in Paragraph 42.**

43. Plaintiff should have been allowed to use Workman's Compensation as his injury was sustained while on duty. Plaintiff had to pursue legal actions against Harvey Police Department to receive medical attention. See Exhibit

**ANSWER: The City denies the allegations contained in Paragraph 43. The City notes that there is no relevant Exhibit attached to the Complaint.**

44. Plaintiff contends that despite his real or perceived disability, he was qualified to perform the essential functions or duties of a job, with or without reasonable accommodation, triggering the protections from job discrimination afforded by the ADA.

ANSWER: The City denies the allegations contained in Paragraph 44.

45. An employer generally does not have to provide a reasonable accommodation unless an individual with a disability has asked for one. A request can be a statement in plain English; the request does not have to include the term "ADA" or "reasonable accommodation." Also, the request does not have to be in writing.

**ANSWER: The City admits the allegations contained in Paragraph 45 to the extent that they accurately reflect the law and deny those that do not.**

46. Plaintiff requested that the Defendant's provide a reasonable accommodation for his injury, which was never granted. HPD Internal Affairs advised, no accommodations would be offered (August 2019).

**ANSWER: The City lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 46.**

47. Defendant subjected Plaintiff to retaliatory discrimination in the workplace. Defendant sought to retaliate against Plaintiff for engaging in protected activity.

**ANSWER: The City denies the allegations contained in Paragraph 47.**

48. Plaintiff and Defendant agreed to a Workman Comp Settlement agreement that the Defendant breeched immediately. See Exhibit

10

**ANSWER: The City admits that it entered into a settlement agreement with Plaintiff regarding Workers' Compensation but denies the remaining allegations contained in Paragraph 48. The City notes that there is no relevant Exhibit attached to the Complaint.**

49. Plaintiff communicated with Human Resources Director Erica Kimble via email who continued harassing Plaintiff by suggesting Plaintiff was under investigation. See Exhibit

**ANSWER: The City admits that Plaintiff communicated with former Human Resources Director Erica Kimble via email on one or more occasions but denies the remaining allegations contained in Paragraph 49. The City notes that there is no relevant Exhibit attached to the Complaint.**

50. Defendant would not allow Plaintiff to return to work after passing a medical exam ordered by the Defendant. The appointment was scheduled for October 14, 2019. The Defendant was aware of the outcome, however, had previously executed termination without Plaintiff knowledge. The Defendant was aware of the outcome and notwithstanding. Proceeded to termination without Plaintiff knowledge. Thus, violated rules and regulations of the Collective Bargaining Agreement. See Exhibit

**ANSWER: The City denies the allegations contained in Paragraph 50. The City notes that there is no relevant Exhibit attached to the Complaint.**

51. Due to the hostile work environment, Plaintiff suffered from depression which impaired Plaintiff's ability to work, further causing other mental health issues.

**ANSWER: The City denies the allegations contained in Paragraph 51.**

52. In dispensing its retaliatory discipline, Plaintiff was wrongfully terminated without just cause. Plaintiff only learned of his status when he was handing out free dinners around the city, going into Harvey City Hall to do the same.

**ANSWER: The City denies that there was any "retaliatory discipline" and that Plaintiff was "wrongfully terminated without just cause" and lacks knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 52.**

53. The Defendant failed to adhere to its own policy and procedures regarding termination procedures. Plaintiff was returning to work from his work-related injury. Plaintiff was a Harvey Civil Service Employee, also a Union member at the time of his termination. See Exhibit

**ANSWER: The City admits that Plaintiff was a union member and a civil service employee at the time of his termination but denies the remaining allegations contained in Paragraph 53.**

## JURY DEMAND

Defendant demands a jury for all claims that can be tried by a jury.

WHEREFORE, the Defendant, CITY OF HARVEY, requests that the Amended Complaint be dismissed with prejudice.

## Affirmative Defenses

NOW COMES the Defendant, CITY OF HARVEY, through its attorneys, Ancel Glink, P.C., and for its Affirmative Defense to Plaintiff's Amended Complaint, states as follows:

### AFFIRMATIVE DEFENSE NO. 1
### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

1. Upon information and belief, Plaintiff did not adequately report to the EEOC the alleged conduct in the following paragraphs of the Amended Complaint:

    a. Paragraphs 2 and 46 (failure to provide reasonable accommodation);

    b. Paragraphs 42 and 51 (harassment and hostile work environment); and

    c. Paragraph 47 (retaliation).

2. Upon information and belief, the above-described conduct alleged in the Amended Complaint is not similar or reasonably related to the conduct alleged in the EEOC charge.

3. Plaintiff failed to exhaust administrative remedies with respect to the above-described conduct of failure to provide reasonable accommodation, harassment/hostile work environment and retaliation.

Respectfully Submitted,

CITY OF HARVEY

By: /s/ *ShawnTe Raines*
  ShawnTe Raines
  One of the Attorneys for Defendant

ShawnTe Raines (ARDC #6300624)
Mary Jean Dolan (ARDC #6188787)
ANCEL GLINK, P.C.
140 S. Dearborn Street, 6th Floor
Chicago, Illinois 60603
(312) 782-7606/Fax: (312) 782-0943
sraines@ancelglink.com
mdolan@ancelglink.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2022, I electronically filed the foregoing Defendant City of Harvey's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint with the Clerk of the Court using the CM/ECF system, and mailed a copy of same via regular U.S. Mail and via Certified U.S. Mail, Return Receipt Requested, by placing it in the U.S. Mail located at 140 S. Dearborn Street, Chicago, Illinois 60603, with proper postage prepaid to:

        Terence Hawkins
        11754 S. Sangamon
        Chicago, Illinois 60643

        /s/ *ShawnTe Raines*
        ShawnTe Raines (ARDC #6300624)
        One of the Attorneys for the Defendant
        ANCEL GLINK, P.C.
        140 S. Dearborn Street, 6th Floor
        Chicago, Illinois 60603
        (312) 782-7606/Fax: (312) 782-0943
        Email: sraines@ancelglink.com