IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERENCE HAWKINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF HARVEY, ) <br> ) <br> Defendant. ) | Case No. 21 C 04777 <br><br> Judge Robert W. Gettleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Terence Hawkins worked as a police officer for the City of Harvey ("defendant" or the "City"). He filed this lawsuit against defendant, alleging that it denied him the opportunity to return to work after he injured his knee and then surreptitiously terminated him based on his age and injury. He asserted four counts in the operative second amended complaint: a claim under 42 U.S.C. § 1983 for violating his Due Process Rights under the Fourteenth Amendment (Count I); a Monell claim (Count II); a claim under 29 U.S.C § 621, et seq., for violating the Age Discrimination in Employment Act ("ADEA") (Count III); and a claim under 42 U.S.C. § 12101, et seq., for violating the Americans with Disabilities Act ("ADA") (Count IV). On March 20, 2025, the court granted plaintiff's motion for summary judgment as to liability on Counts I and II, denied defendant's cross-motion for summary judgment on those counts, and granted defendant's motion for summary judgment on Counts III and IV. See Hawkins v. City of Harvey, No. 21 C 04777, 2025 WL 875210 (N.D. Ill. Mar. 20, 2025). In the same order, the court directed the parties to suggest a procedure for determining damages and other relief on Counts I and II.

Roughly four months later, on July 9, 2025, defendant filed a "motion for relief to amend and clarify" the court's summary judgment order under Fed. R. Civ. P. 60(b)(1), asserting that "[t]his court, relying on arguments made by the City in its cross-motion for summary judgment, made certain findings of fact" "pertaining to" Mayor Clark, "which counsel for the City subsequently found are incorrect." Plaintiff opposes the motion. For the following reasons, the court denies defendant's motion.

## BACKGROUND

<u>The Court's Discussion of Undisputed Facts in its Summary Judgment Ruling</u>

Relevant here, in granting plaintiff summary judgment on Counts I and II, the court summarized the following undisputed facts based on the parties' two rounds of competing Local Rule 56.1 statements. In 2008, defendant hired plaintiff as a patrolman for the Harvey Police Department. In May 2013, plaintiff was promoted to Civil Service Sergeant. In March 2018, plaintiff injured his left knee while on duty exiting his patrol car.

In April 2019, Christopher Clark was elected Mayor of the City. At some point around this time, Mayor Clark instructed Erica Kimble, the City's HR Director, to terminate several employees, including plaintiff. And in May 2019, the new administration, with Mayor Clark's approval, performed a "ghost payroller audit"—under which the City departments were to instruct employees to pick up in person their next payroll check from the HR Department at City Hall. The ghost payroller audit was an attempt to identify workers who were being paid without working, and to help the City (which was then transitioning to a new online payroll system) make sure that the correct status of all employees was obtained before transferring their records to the new system.

An HR Department employee, Suzanne Swanigan, handed the checks out and checked off the names of employees who received their checks. Swanigan provided Kimble with the uncollected checks and a corresponding list of people with uncollected checks, which included plaintiff.

From the ghost payroll audit, Kimble determined that several employees on the list were no longer working for the City and should be terminated from the payroll system—including plaintiff, who was being paid yet did not appear to have any remaining accrued benefit days left. Kimble provided the uncollected-checks list to Mayor Clark and City Manager, Timothy Williams. At a meeting about ghost payrollers where Mayor Clark, Williams, and Kimble were present, Mayor Clark approved the termination of plaintiff, and Kimble managed the termination of 8 to 10 other City employees on the list. The City has admitted that plaintiff was terminated because he was identified as one of the people being paid without working. The City Council was not involved in the decision to terminate Plaintiff or anyone else. Indeed, the City Council is not involved in the termination of individual employees; it is involved with individual employees only to the extent that the City Council votes on contract employees or the contract of vendors.

<u>The Court's Analysis in its Summary Judgment Ruling</u>

After setting forth the above undisputed facts, the court proceeded to analyze the issues. As for the counts relevant to defendant's motion here—Count I (Due Process) and Count II (<u>Monell</u>)—the court explained that plaintiff had to prove: (1) that he has suffered the deprivation of a constitutional right; and (2) that defendant's official custom or policy caused that deprivation. <u>Hawkins</u>, 2025 WL 875210, at *4. On the first requirement, the court found: that

3

plaintiff had a cognizable property interest in his continued employment; that he was deprived of that property interest because the defendant had readily admitted that Mayor "Clark . . . decided to terminate Plaintiff's employment with the City," (quoting defendant's brief); and that he was denied due process because "[i]t [wa]s undisputed here that plaintiff received no notice, no statement of reasons, and no opportunity to be heard before he was terminated effective June 2, 2019." See id. at *4-8.

As for the second requirement, the court found that defendant's official custom or policy caused the deprivation of due process, and thus gave rise to Monell liability. See id. at *8-11. In doing so, the court explained that plaintiff had established that the denial of due process was caused by a decision from an official "whose edicts or acts may fairly be said to represent official policy." Id. at *8 (Citation omitted). In particular, the court found that Mayor Clark was an official with final policy making authority on personnel decisions. Id. at *9. That was because Mayor Clark was at the "apex of authority" for the termination here. Id. at *10. In so finding, the court noted that defendant did not meaningfully contest that Mayor Clark was at least a decisionmaker on the City's personnel decisions—including those related to civil service sergeants. Id. And the court found that there was a delegation of authority to Mayor Clark to set policy for hiring and firing. Id. The court thus found that Mayor Clark "*was* the City, so far as the [termination actions] were concerned." Id. (citation omitted) (emphasis and brackets in original).

The court consequently found that there were no genuine disputes of any material facts related to liability on the § 1983 Monell claim, and that plaintiff was entitled to judgment as a matter of law on that claim. Id. at *11. It thus granted summary judgment to plaintiff on

4

Counts I and II as to liability, and directed the parties to suggest a procedure for determining damages and other relief. Id. at *12.

## DISCUSSION

Defendant now moves "for relief to amend and clarify judgment" under Fed. R. Civ. P. 60(b)(1). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Defendant argues that subsection (b)(1) applies here because "[t]his court, relying on arguments made by the City in its cross-motion for summary judgment, made certain findings of fact" about Mayor Clark, "which counsel for the City subsequently found are incorrect." Specifically, defendant asserts that there are ten "statements by this Court involving Mayor Clark" related to Mayor Clark's involvement in firing plaintiff that it "wishes to have modified." In support, defendant attaches an affidavit from Mayor Clark—who did not provide one during discovery or summary judgment—in which he states that "[t]he finding by the Court" in each of

5

the ten statements was "incorrect." Defendant also relies on the new Mayor Clark affidavit to ask the court to clarify its summary judgment order to reflect that:

> (1) Mayor Clark does not have any decision-making role with respect to civil service sergeants, i.e., employment issues in this case.
> (2) Mayor Clark did not see the list of uncollected checks or the names of the employees who were caught up in the ghost-payroll audit.
> (3) Mayor Clark had no involvement in the termination of Plaintiff, let alone approve the termination of Plaintiff at any meeting.

Defendant argues that Rule 60(b)(1) looks to "the movant's good faith and the reason for the filing, the absence of any danger of prejudice to the non-movant, and any disruption to efficient judicial administration posed by the filings." (Citing Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397-98 (1993)). These factors, it says, are met here because: (1) the "discrepancies between the 10 findings of the Court and the requested changes by the City, were the result of a mistake, an *honest* mistake" (emphasis by defendant); (2) plaintiff would "face" "zero prejudice" because "[w]ithout waiving any opportunity to later challenge the Court's ruling on appeal, the City is not asking . . . [for] a change in this Court's disposition or legal rulings"; and (3) the motion does not disrupt anything because it "may be considered concurrently with any and all other hearings regarding damages or any ancillary issues." Defendant also argues that the relief it seeks "is not as drastic or extraordinary as a reconsideration of this Court's judgments," because it seeks only "a finding that certain facts were different than initially, albeit mistakenly, presented to the Court."

In response, plaintiff argues that defendant's reliance on Rule 60(b)(1) is misplaced. Rule 60(b)(2) (newly discovered evidence), not (b)(1) (mistake), he asserts, addresses attempts to add newly acquired evidence. But, he contends, defendant cannot establish relief under (b)(2) because it has no basis to argue that, with reasonable diligence, it could not have discovered the

6

evidence in time to move for a new trial under Rule 59(b). And even if Rule 60(b)(1) "were a proper avenue," he continues, defendant's "lack of any reason to support its delay, the prejudice to [him], and the balance of equities substantially outweigh any assertions of good faith."

As for defendant's lack of any reason, plaintiff notes that defendant "does not argue that [it] learned of Mayor Clark's contradictory claims only after the summary judgment decision," but instead argues "that counsel failed to adequately vet the facts during the nearly *three years*" of litigation leading up to summary judgment. (Emphasis by plaintiff). Yet, he contends, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." (Quoting McCormick v. City of Chi., 230 F.3d 319, 327 (7th Cir. 2000)). And "[i]n fact," plaintiff notes, defendant affirmatively argued that Mayor Clark "went rogue in firing" him. As for prejudice, plaintiff argues that granting the motion would result in "a holding that the City is liable" based on a final policymaker's actions—but "with an unresolved fact dispute about whether Mayor [Clark] was that policymaker." Defendant, plaintiff says, is clearly just angling for an appeal or to "defeat[ ] summary judgment at a later date." And as to the equities, plaintiff argues that defendant "had ample opportunity . . . to argue that Mayor Clark was not involved in the termination decision" but "did not do so." If defendant's "broad reading of *Pioneer* is adopted," plaintiff asserts, "a district court would be forced to address claims of 'excusable neglect' each time a party . . . neglects to file evidence that would provide a factual basis for a claim.'" (Quoting Jinks v. AlliedSignal, Inc., 250 F.3d 381, 386 (6th Cir. 2001)).

In reply, defendant "stands by its argument that Rule 60(b)(1) is the appropriate avenue for its requested relief." And it argues that "the mistake undersigned counsel made in the

7

presentation of certain facts related to [Mayor Clark] are eligible for relief under" Rule 60(b)(1). According to defendant, its counsel made an "honest mistake" based on "misapprehending the facts of the case," which "resulted in . . . not using the [Mayor Clark] affidavit" at summary judgment. Defendant also argues that there is no prejudice, since it "explicitly acknowledges that it cannot overturn this Court's substantive ruling," and that plaintiff has waived any argument that the motion would impair efficient judicial administration.

### The Court will not Amend or Clarify the Summary Judgment Order

The court finds that defendant is not entitled to its requested relief. As an initial matter, the court notes that both parties assume that Rule 60(b) governs here. The court is dubious.

"Rule 60(b) permits a court to 'relieve a party'" only "'from a final judgment, order, or proceeding.'" Waetzig v. Halliburton Energy Servs., Inc., 604 U.S. __, 145 S. Ct. 690, 696 (2025) (quoting Rule 60(b)). And "'final' in Rule 60(b) must modify 'order, or proceeding' as well as 'judgment.'" Kapco Mfg. Co, Inc. v. C & O Enters., Inc., 773 F.2d 151, 154 (7th Cir. 1985). The Advisory Committee Note to Rule 60 explains that the "qualifying word 'final' emphasizes the character of the judgments, orders[,] or proceedings from which Rule 60(b) affords relief." Fed. R. Civ. P. 60 advisory committee's note (1946). As a result, "interlocutory judgments are not brought within the restrictions of the rule, but rather . . . are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Id.

"The term 'final' was therefore intended to exclude 'interlocutory judgments' from the reach of the Rule." Waetzig, 145 S. Ct. at 697. And "that exclusion makes sense": "Rule 60(b) relief from interlocutory judgments is unnecessary because, with respect to those judgments, 'a

8

rehearing may be sought at any time before [the] final decree, provided due diligence be employed and a revision be otherwise consonant with equity.'" Id. (citation omitted). Rule 54(b) provides "an expression of this inherent power" to revise an interlocutory order, Wiegel v. Stork Craft Mfg., Inc., 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012), stating that such an order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b).

Here, the court ruled on the four counts in the operative complaint on the merits at summary judgment. But that ruling did not finally dispose of the case because there are still issues of remedies,[1] and the court did not enter final judgment. The court's summary judgment ruling is thus interlocutory. See Janky v. Lake Cnty. Convention & Visitors Bureau, 576 F.3d 356, 359 (7th Cir. 2009) ("'[P]artial summary judgment[s] limited to the issue of [a] petitioner's liability . . . are by their terms interlocutory, . . . and where assessment of damages . . . remains to be resolved have never been considered to be 'final' . . . .'") (quoting Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976)).

Yet because the parties have framed defendant's motion under Rule 60(b) alone, and because "considerations similar to those under Rules 59 and 60 inform the Court's analysis" in analyzing a Rule 54(b) motion, Brown v. Wichita Cnty., Tex., No. 7:05-CV-108-O, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011), the court will analyze defendant's arguments under Rule 60(b)'s standards first and then under Rule 54(b)'s standards.

---

[1] Indeed, defendant itself notes the possibility of "other hearings regarding damages or any ancillary issues," and has moved to "compel arbitration between the parties on whether there was just cause for Plaintiff's termination and the damages Plaintiff is entitled to for due process violations" [184], which the court is currently considering.

<u>Defendant has not met Rule 60(b)'s Standards</u>

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." <u>McCormick v. City of Chi.</u>, 230 F.3d 319, 327 (7th Cir. 2000) (cleaned up). Defendant has not shown here any circumstances—exceptional or otherwise—to warrant the remedy it seeks.

To begin with, by "standing by its argument that Rule 60(b)(1) is the appropriate avenue" for relief, defendant essentially concedes that it cannot meet the criteria for 60(b)(2). Regardless, by failing to argue the 60(b)(2) criteria, it has waived any argument that relief is warranted under those criteria. Any such argument would fail, anyway.

To award relief based new evidence under Rule 60(b)(2), defendant would have to show: (1) that the evidence was discovered following the order; (2) that defendant exercised due diligence to discover the evidence; (3) that the evidence is not cumulative; (4) that the evidence is material; and (5) that the evidence would probably produce a new result. <u>Jones v. Lincoln Electric Co.</u>, 188 F.3d 709, 732 (7th Cir. 1999). "If any one of these prerequisites is not satisfied, the movant's Rule 60(b)(2) motion . . . must fail." <u>Id.</u> Here, defendant cannot establish even the first two factors. Indeed, defendant contends neither that Mayor Clark's testimony was discovered only after the summary judgment decision nor that defendant exercised due diligence to discover it. Put simply, "Rule 60(b) motions cannot be used to present evidence that with due diligence could have been introduced before judgment on the

10

motion from which the party is seeking relief." Rutledge v. United States, 230 F.3d 1041, 1052 (7th Cir. 2000). Defendant thus cannot satisfy Rule 60(b)(2)'s standards.

Nor can defendant meet Rule 60(b)(1)'s standards. "A trial judge's decision to grant or deny relief under Rule 60(b)(1) is discretionary." Easley v. Kirmsee, 382 F.3d 693, 697 (7th Cir. 2004). Defendant argues here that its "counsel made" an "honest mistake" about Mayor Clark's role and knowledge over terminations. But defendant has not shown that this assertion warrants relief under Rule 60(b)(1).

The Seventh Circuit has recognized that the Supreme Court's decision in Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993), broadened the definition of "excusable neglect" under Rule 60(b)(1). See Robb v. Norfolk & W. Ry. Cos., 122 F.3d 354, 359 (7th Cir.1997). And it has accordingly noted that in some circumstances, "attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1)." Easley, 382 F.3d at 698. At the same time, though, it has explained that "[i]nexcusable neglect on the part of an attorney is not grounds for granting a Rule 60(b)(1) motion." Sparrow v. Heller, 116 F.3d 204, 206 (7th Cir. 1997). In determining whether a mistake or neglect was excusable, courts consider equitable factors including the good faith and reason for the delay, whether it was within the movant's control, the danger of prejudice to the non-movant, and the interests of efficient judicial administration. United States v. Brown, 133 F.3d 993, 996 (7th Cir. 1998). Considering these factors here, defendant has not shown that its counsel's mistake can be "classified" as anything other than "inexcusable inattentiveness or neglect, rather than excusable carelessness." Easley, 382 F.3d at 698 (holding that counsel's failure to timely respond to

11

summary judgment motions can "only be classified as inexcusable inattentiveness or neglect, rather than excusable carelessness").

For starters, defendant fails to provide any meaningful reason for its counsel's "honest mistake" about Mayor Clark. Its sole assertion is that the mistake was in "misapprehending the facts of the case"—in "misunderstanding the facts before him." But defendant fails to explain how or why counsel misunderstood them, or what led to his misapprehension. And this was no mere oversight: defendant does not contend that the mistake here was in overlooking some facts; it contends that the mistake was in asserting material facts that it now says are untrue. Defendant, for example, *affirmatively* asserted in its Local Rule 56.1 "Statement of Undisputed Material Facts" that "[a]t a meeting regarding ghost payrollers where both Clark and Kimble were present, Clark approved the termination of Plaintiff believing that Plaintiff was a ghost payroller," and in its summary judgment briefing that Mayor "Clark . . . decided to terminate Plaintiff's employment with the City." Hawkins, 2025 WL 875210, at *5 (quoting defendant's brief).

Now, roughly four months after the court ruled on summary judgment, defendant wants the court to "clarify" that Mayor Clark had no involvement in the termination of plaintiff and did not approve his termination at any meeting. But putting aside that what defendant affirmatively stated (or stated was "undisputed") in its L.R. 56.1 filings are now binding judicial admissions, see Banks v. Chamberlain, No. 3:18-CV-50282, 2021 WL 2529568, at *6 (N.D. Ill. June 21, 2021) ("Rule 56.1 statements of fact, responses, and even the failure to respond are judicial admissions that are binding on a party."); Horton v. City of Chi., No. 13-CV-6865, 2018 WL 6505398, at *6 (N.D. Ill. Dec. 11, 2018) (L.R. 56.1 fact is a "binding" "judicial admission" and

12

"has the effect of withdrawing from contention the fact"), the fact is that defendant "has offered no explanation for [its] attorney's neglect," and so "there is no reason to consider it excusable," Longs v. City of S. Bend, 201 F. App'x 361, 365 (7th Cir. 2006).

The alleged misunderstanding was also solely within defendant's and counsel's control. Counsel obviously has a duty to investigate and understand the material facts in the case. And a party "has an affirmative duty to vigilantly oversee and ultimately bear responsibility for, [its] attorneys' actions or failures." Moore v. Cingular Wireless, No. 02 C 2079, 2005 WL 2989882, at *3 (N.D. Ill. Nov. 3, 2005) (cleaned up) (finding plaintiff and his counsel "inexcusably failed to adhere to LR56"). Defendant and counsel here had roughly three years between the filing of the complaint and summary judgment to make sure counsel understood the material facts. Their failure to do so was entirely within their control.

Finally, granting plaintiff's motion would prejudice plaintiff and would undermine the interests of efficient judicial administration. The court agrees with plaintiff that the effect of granting defendant's requested relief here would be to leave uncertain the summary judgment ruling. Indeed, it would render the ruling nonsensical. The court found Monell liability here because Mayor Clark was an official with final policy making authority on personnel decisions. See Hawkins, 2025 WL 875210, at *8-11. And it did so based in part on undisputed facts that defendant now wants to recant. It would make no sense to change the facts, as defendant requests, and ignore what impact they have on the ruling.

Suffice to say, the court finds that it would be inefficient and prejudicial at this juncture to allow defendant to inject a new affidavit from Mayor Clark to change material facts relied on by the court in its summary judgment order—which was "entered after a substantive analysis of

13

the allegations of the Complaint, [roughly three years] after the Complaint was filed, [roughly a year after] discovery was closed, and [after] there was a full opportunity to brief summary judgment." D.S. v. E. Porter Cnty. Sch. Corp., No. 2:11-CV-431-PRC, 2013 WL 12409854, at *4 (N.D. Ind. Oct. 17, 2013) (finding that granting the plaintiffs' Rule 60(b)(1) motion based on its assertion that former counsel failed to conduct discovery or file a pertinent response to summary judgment motions would prejudice the defendants). In the end, neither the court nor plaintiff should have to bear the burden of defendant's and its counsel's alleged mistake. See Tango Music, L.L.C. v. DeadQuick Music, Inc., 348 F.3d 244, 247 (7th Cir. 2003) (affirming district court's denial of a Rule 60(b) motion based on the moving party's lawyer's neglect, explaining that a party "should not be permitted to shift the burden of its [lawyer]'s neglect to the district court and the" non-moving parties).

In short, the court finds that defendant has not shown that its counsel's mistake was "excusable" or that it can otherwise satisfy Rule 60(b)(1)'s and (b)(2)'s standards.

Defendant has not met Rule 54(b)'s Standards

The court also finds that defendant cannot meet Rule 54(b)'s standards. For one thing, defendant failed to even mention Rule 54(b)—let alone argue for relief under it. It has therefore waived any argument for its application here. See United States v. Jones, 224 F.3d 621, 626 (7th Cir. 2000) ("[a]rguments that are not adequately developed or supported are waived"). Equally important, defendant has failed to provide a sufficient basis to amend or clarify the court's summary judgment order.

Rule 54(b) gives the court the discretion to revise a non-final ruling at any time prior to the entry of judgment. Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012). Yet "such

14

discretion is subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Equal Emp. Opportunity Comm'n v. DHL Express (USA), Inc., No. 10 C 6139, 2022 WL 22316616, at *1 (N.D. Ill. Aug. 25, 2022) (citation omitted).

As noted above, although the standard for evaluating a Rule 54(b) motion "would appear to be less exacting than that imposed by Rules 59 and 60, considerations similar to those under Rules 59 and 60 inform the Court's analysis." Brown, 2011 WL 1562567, at *2 (cleaned up). The applicable Rule 60 standards are discussed above. As for Rule 59(e), the standard for revisiting a prior decision is generally the same under both Rule 59(e) and Rule 54(b). Morningware, Inc. v. Hearthware Home Prods., Inc., No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." Matter of Prince, 85 F.3d 314, 324 (7th Cir. 1996). And so, neither Rule 59(e) nor Rule 54(b) "provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010) (cleaned up); Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1982) (motions for reconsideration cannot "introduce new evidence that could have been adduced during pendency of the summary judgment motion"); Boehm v. Martin, No. 15-CV-379-JDP, 2017 WL 5186468, at *1 (W.D. Wis. Nov. 8, 2017) (applying Rule 59(e) requirements to Rule 54(b) motion).

Here, again, defendant does not contend that Mayor Clark's testimony was discovered only after the summary judgment decision. It is thus evidence that could and should have been presented prior to the court's summary judgment order. "Because [defendant] could have—and should have—introduced the [affidavit] while the summary judgment motions were pending, it is not newly-discovered and affords no basis for reconsideration." Woods v. Resnick, 725 F. Supp. 2d 809, 828 (W.D. Wis. 2010).

Again, moreover, the evidence is being used to purportedly recant several assertion's that defendant either affirmatively stated or stated were "undisputed" in its L.R. 56.1 statements of fact. But again, "Rule 56.1 statements of fact [and] responses . . . are judicial admissions that are binding on a party." Banks, 2021 WL 2529568, at *6. And "[a] judicial admission trumps evidence." Whitlock v. Brown, 596 F.3d 406, 412 (7th Cir. 2010) (citation omitted). Defendant's request to "amend" or "clarify" the summary judgment order to assert facts that are contrary to the facts that were undisputed on summary judgment fails for this reason alone. See Brunner v. McKillip, No. 06-C-362-C, 2007 WL 5433484, at *1 (W.D. Wis. June 5, 2007) (denying the plaintiff's request "to 'clarify' certain facts found undisputed on summary judgment and to reconfigure her defamation claim" "[b]ecause the changes plaintiff wishes to make are not consistent with the facts proposed on summary judgment or with the claims pleaded in her complaint").

Finally, neither justice, equity, nor any good reason require revisiting the order. As discussed in detail above: defendant has provided no justification for its counsel's failure to understand or apprehend what it now says are the facts; the alleged mistake was over something

16

that was within defendant's and its counsel's control; and granting the requested relief would be prejudicial and inefficient at this stage.

## **CONCLUSION**

For the reasons above, defendant's motion "for relief to amend and clarify" the court's summary judgment order [185] is denied.

**ENTER:**

**Robert W. Gettleman
United States District Judge**

**DATE:  8/28/2025**